UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

---

**Charles Kenyatta Jr/Act Bad LLC**

        Claimant,                                         **Civil Case No:**

        -vs-

**Caresha Brownlee a.k.a yungmiami**                     **COMPLAINT**

        Defendant.

---

Please Take Notice, to the above-entitled:

Charles Kenyatta Jr, Claimant herein, being duly sworn, deposes and says:

1. I am the pro-se claimant herein.
2. I make this motion, The <u>Original Claim</u> Statement of Facts Relevant to the claim herein:

### Introduction

3. Plaintiff, Charles Kenyatta Jr. is the sole owner of Act Bad Entertainment LLC and Act Bad Trademark. Charles Kenyatta Jr., did not give the defendant, Caresha Brownlee a.k.a yung miami consent to sell/sold, make profits off of Act Bad Trademark. Screenshots of the defendant's website and social media website, pictures and videos of her wearing Act Bad merchandise, promoting and boosting and selling Acting bad merchandise. The defendant Caresha Brown Lee use of trademark caused and continuing to cause confusion as to affiliation, connection or association of Defendant with Plaintiff by her wearing Act Bad merchandise and her selling/sold making profits off of trademark. The defendant had knowingly in bad faith marketed, distributed, offered to sale or sold the United States materially different products. Secondly, Act Bad and Real bad is very similar causing trademark Delusion, the Defendant posted a shot glass on her website that says "Act Bad" with the "Real Bad" shot glass next to it and selling as well on her website. The defendant posted a picture and video wearing a bathing suit with the words "Act Bad" and telling fans to go buy Real Bad merchandise, numerous hashtags with Act Bad on her social media platform, such as Act Bad Starter Kit. The defendant has posted on her Instagram an Act Bad starter kit showing people how to "Act bad". Her and her alleged boyfriend Sean Combs has a song called "Act Bad" and in a magazine state them as "Mr. and Mrs. Act Bad", causing a whole bunch of confusion with Plaintiff trademark. Whether a mark or trademark name is likely to cause delusion by blurring for purposes depends on factors including the similarity between the mark and famous mark, and whether the user of the mark or trade name intended to create an association with famous mark Lanham Act. 4 § 43. (c)(2)(b)15 U.S.C.A. § 125 (c)(2)(b).

4. **Trademark Infringement to Successful Allege a Trademark**

   Infringement Claim a Plaintiff must establish that:

   1. Has a valid mark that is entitled to protection under the Lanham Act.
   2. And that the defendant used the mark.
   3. In commerce.
   4. In connection with the sale or advertising of goods or services.
   5. Without the Plaintiff's consent.

5. **Trademark Infringement**

   Once Plaintiff has proven that he or she owns copyright, LLC, Trademark or particular work and that the defendant has infringed on those exclusive rights defendants is liable for infringement and liability is absolute. 17 U.S.C. § 501

6. **Trademark Infringement**

   Caresha Brownlee was personally and vicariously liable for promoters, trademark infringement by selling and profiting off of Act Bad merchandise and profiting off of net profits for recorded song without plaintiff permission.

7. **Trademark**
   To prevail on an trademark infringement and unfair competition claim under the Lanham Act in addition to demonstrating the plaintiff must prove that the defendant used allegedly infringement mark would likely cause confusion to the organ or sponsorship of defendants good with plaintiffs goods Lanham Act § 32 (1), 43 (A), 15. U.S.C.A. § 1114 (1), 1125 (A)

8. **Trademark**
   And determine whether there is likelihood of confusion at the organ or sponsorship of defendant's goods with plaintiff goods for purposes of claim for trademark infringement and unfair competition under law Lanham act which considers eight factors.
   (1.) Strength of trademark.
   (2.) Similarity of marks.
   (3.) Proximity of products and competitors with one another
   (4.) Evidence senior users may bridge the gap by developing the product for sale and market of alleged infringer product.
   (5.) Evidence of the actual consumer confusion
   (6.) Evidence intimidates mark adopted in bad faith
   (7.) Respected quality of products and
   (8.) Sophistication market. Laham Act § 32 (1), 43 (A), 15. U.S.C.A. § 1114 (1), 1125 (A)

9. Plaintiff is the owner of the exclusive rights to Plaintiffs Registered Trademarks indexed as Exhibit B. All of the trademark registrations are in full force and effect.

10. Plaintiff Registered Trademarks as they are being used by Defendants, are identical to or substantially indistinguishable from Plaintiffs' Registered Trademarks. Accordingly, defendants have engaged in trademark counterfeiting in violation of 15. U.S.C 1114.

11. Defendants' use of Plaintiffs' Registered Trademarks, without Plaintiffs' consent, constitutes trademark infringement in violation of 15 U.S. C. § 1114, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade a to the source, approval or sponsorship of Defendant's advertising, marketing, promoting, producing, offering for sale and selling the Act Bad Varsity Jacket bearing counterfeits and infringements of Plaintiff's Registered Trademark.

### Infringing Conduct

12. Caresha Brownlee is in the business of advertising, marketing, promoting, producing, offering for sale and selling Act Bad Varsity Jackets that depict Plaintiff's Registered Trademark. (hereinafter referred to as the "Caresha Please").

13. Caresha Brownlee advertises, markets, promotes, offers for sale and sells the Act Bad Varsity Jacket via its website, www.careshaplease.com, (see Exhibit C for screen shots from this website) (See Exhibit D) via Instagram http://www.instagram.com/yungmiami305?ish

### Unfair Competition and False Designation of Origin Under The Lanham Act

14. Defendants' use of Plaintiffs' Registered Trademarks , without consent, constitutes the use of false or misleading designations of origin and/or the making of false or misleading representations of fact in violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval, connection, association, or sponsorship of the goods and services distributed, sold and offered for sale by Defendants bearing counterfeits and infringements of Plaintiffs' Registered Trademarks .

**PRAYER FOR RELIEF WHEREFORE, Plaintiffs demand entry of a judgment against Caresha Brownlee as follows:**

A. Permanently enjoining and restraining Caresha Brownlee, their officers, agents, servants, employees, attorneys, and all those in active concert or participation with them from:

1. Advertising, marketing, promoting, producing, offering for sale and/or selling the Act Bad Varsity Jacket and Shot Glasses.

2. Using Plaintiffs' Registered Trademarks in any unauthorized manner;

3. Making any false statement or representation to suggest that Caresha Brownlee or Caresha Please or Real Bad is affiliated with or sponsored by Plaintiffs;

4. Engaging in any other activity constituting unfair competition with or an infringement of any of Plaintiffs' Registered Trademarks or constituting any dilution of Plaintiffs' names, reputations, or goodwill;

5. Effecting assignments or transfers, forming new entities or associations or using any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (1) through (4)

6. Destroying or disposing of any evidence of Caresha Brownlee, Careshaplease advertising, marketing, promoting, producing, offering for sale of selling the Act Bad Varsity Jackets and Act Bad Shot glasses Plaintiffs' Registered Trademarks; and

7. Aiding, abetting, or contributing to the advertising, marketing, promoting, producing, offering for sale and selling of the Act Bad Varsity Jackets or the unauthorized use of Plaintiffs' Registered Trademarks.

B. Directing that Caresha Brownlee a.k.a yungmiami immediately cease the advertising, marketing, promoting, producing, offering for sale and/or selling of the Act bad Varsity Jacket and Act bad Shot glasses on each of their websites and social media pages and remove any references to the same.

C. Directing that Caresha Brownlee a.k.a yungmiami allow Plaintiffs' their designee, to inspect and inventory purposes of identifying and segregating all infringing varsity jackets, shot glasses marketing or advertising materials.

D. Directing that Caresha Brownlee a.k.a yungmiami deliver for destruction any and all infringing merchandise in their possession or under their control bearing any of Plaintiffs' Registered Trademarks or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof, including but not limited to all costumes, sets, props, advertising copy, marketing materials, or other tangible items.

E. Directing that Caresha Brownlee a.k.a yungmiami report to this Court within thirty (30) days after a Permanent Injunction is entered to show compliance with paragraphs A through D above.

F. Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that Plaintiffs authorized or are related in any way to any goods or services advertised, marketed, promoted, offered for sale and/or sold by Caresha Brownlee a.k.a yungmiami.

G. Awarding to Plaintiffs from Caresha Brownlee a.k.a yungmiami, as a result of Caresha Brownlee a.k.a yungmiami advertising, marketing, promoting, producing, offering for sale and selling the Act Bad Varsity Jacket and Shot Glasses, three times Caresha Brownlee a.k.a yungmiami profits, after an accounting, or statutory damages, should Plaintiffs opt for such relief, consisting of Ten Million Dollars ($10,000,000.00) for Plaintiff.

Collins, NY

Dated: January 29, 2024

*Charles Kenyatta Jr*

Pro-Se Claimant

Charles Kenyatta Jr

Collins Correctional Facility

PO Box 340

Collins, NY 14034-0340