UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CHARLES KENYATTA, JR.,

                              Plaintiff,

            -against-

CARESHA BROWNLEE, *also
known as yungmiami*,

                              Defendant.

------------------------------------------------------------------X

**24 Civ. 691 (JGK) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

In this trademark infringement action, Plaintiff Charles Kenyatta, Jr. ("Kenyatta"), who is proceeding *pro se*, moves for entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. (Dkt. No. 39). Defendant Caresha Brownlee ("Brownlee"), while agreeing that a protective order should be entered, opposes certain provisions that Kenyatta seeks to add to the order. (Dkt. No. 40).

Attached to Brownlee's opposition is a proposed protective order, modeled on the undersigned's Model Stipulation and Protective Order, containing terms that Brownlee represents have been agreed to by both parties. (Dkt. No. 40 at 1 & Ex. A (the "Protective Order")). Kenyatta has proposed two additional provisions, both of which concern a registration cancellation proceeding before the Trademark Trial and Appeal Board (the "TTAB Proceeding"). In the TTAB Proceeding, a third party, Act Bad LLC, seeks to cancel Kenyatta's registration of the "Act Bad" trademark at issue in this litigation. (*Id.* at 4). In substance, Kenyatta's proposed additions to

the Protective Order are as follows: (i) "no Confidential Discovery Material obtained in this case shall be shared, disclosed, or used in connection with any other legal proceeding, including the pending trademark cancellation case, without the prior consent of the producing party or by order of this Court" (the "Non-Disclosure Provision"); and (ii) "no party to this case shall seek discovery, documents, or information related to the pending trademark cancellation proceeding" (the "Discovery Limitation"). (Dkt. No. 39 at 2).

Having reviewed the parties' submissions, the Court finds that Kenyatta has failed to establish good cause for either of his proposed additions to the Protective Order. *See* Fed. R. Civ. P. 26(c)(1) (authorizing court to issue, for "good cause" shown, a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"); *Austin v. Fordham Univ.*, No. 23 Civ. 4696 (PAC) (GS), 2024 WL 749636, at *3 (S.D.N.Y. Feb. 23, 2024) ("'The party seeking a protective order has the burden of showing that good cause exists for issuance of that order.'") (quoting *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004) (cleaned up)).

With respect to the proposed Non-Disclosure Provision, the Protective Order already contains language expressly prohibiting recipients of Confidential Discovery Material (as defined therein) from "disclos[ing] such Confidential Discovery Material to anyone else except as expressly permitted hereunder." (Dkt. No. 40 Ex. A ¶ 1; *see also id.* ¶ 6). Brownlee represents that she is "neither a party to nor otherwise affiliated with the referenced cancellation proceeding," which was

initiated by Act Bad LLC. (Dkt. No. 40 at 4; Dkt. No. 9 at 1 (Answer)). The categories of permitted recipients of Confidential Discovery Materials identified in Paragraph 6 of the Protective Order do not include other tribunals or parties to other litigations or proceedings. Thus, even without Kenyatta's proposed Non-Disclosure Provision, the Protective Order would restrict Brownlee's ability to provide Confidential Discovery Materials to Act Bad LLC or otherwise disclose such materials in connection with the TTAB Proceeding.

Paragraph 6 of the Protective Order does permit disclosure to "any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action." (Doc. No. 40 Ex. A ¶ 6(f)). Although Brownlee has not expressed any intention to do so, there is a theoretical possibility that Brownlee could disclose Confidential Discovery Material produced by Kenyatta to representatives of Act Bad LLC as potential witnesses in this case. However, Brownlee could do so only if: (i) her counsel believed "in good faith" that any such person would be a witness in this case and (ii) the person "has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit" to the Protective Order. (*Id*.). Under the Non-Disclosure Agreement, the recipient would be required to agree, on pain of contempt, to not disclose the materials to any third party, to use the materials solely for purposes of this litigation, and to return or destroy the materials at the conclusion of the litigation. (Dkt. No. 40 Ex. A at 7). Thus, the recipient would be barred from disclosing or using the Confidential Discovery Material in connection with the TTAB Proceeding.

With respect to the proposed Discovery Limitation, it appears that discovery regarding the TTAB Proceeding could be relevant and proportionate to the claims and defenses in this action. *See* Fed. R. Civ. P. 26(b)(1) (providing that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). In her Answer, Brownlee specifically references the TTAB Proceeding and asserts as Affirmative Defenses that the "relevant registration" of the "Act Bad" mark is not valid and that Kenyatta is not the sole and exclusive or senior owner of rights in the registered mark. (Dkt. No. 9 at 1-2, 6).

Kenyatta argues that the TTAB Proceeding is irrelevant to the "core issue" in the case, which he describes as "whether Defendant's use of the 'Act Bad' mark infringes Plaintiff's rights by causing customer confusion." (Dkt. No. 42 at 2). But customer confusion is only one element of Kenyatta's infringement claim; he must also show that he owns a valid trademark. *See Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 84 (2d Cir. 2020) ("Under the Lanham Act, a plaintiff alleging trademark infringement must demonstrate that (1) *it has a valid mark that is entitled to protection and* that (2) the defendant's actions are likely to cause confusion with that mark.") (emphasis added; cleaned up).

Kenyatta also argues that the TTAB Proceeding does not limit his right to pursue an infringement claim and that "TTAB decisions do not preclude federal court actions for infringement." (Dkt. No. 42 at 2). But the very Supreme Court case upon which Kenyatta relies, *B&B Hardware, Inc. v. Hargis Industries, Inc.*,

4

575 U.S. 138 (2015), holds that where the ordinary elements of issue preclusion are satisfied, a TTAB registration decision should be given preclusive effect in a federal infringement action. *Id*. at 160; *see Diesel S.p.A. v. Diesel Power Gear, LLC*, No. 19 Civ. 9308 (MKV), 2022 WL 956223, at *3 (S.D.N.Y. Mar. 30, 2022) ("the Supreme Court has held that the common-law doctrine of collateral estoppel, or issue preclusion, applies to TTAB decisions") (citing *B&B Hardware*, 575 U.S. at 148).[1]

That said, Kenyatta has not presented a specific objection to any of Brownlee's discovery requests related to his registration of the "Act Bad" mark or the TTAB Proceeding. The Court does not foreclose Kenyatta from asserting such an objection, and indeed Brownlee's opposition to his motion acknowledges that "[i]f Plaintiff believes any of these requests are irrelevant or otherwise inappropriate, he can specifically object to them." (Dkt. No. 40 at 5). The Court rules only that Kenyatta has failed to show justification for including in the Protective Order his proposed Discovery Limitation, which would categorically bar *all* discovery related to the TTAB Proceeding.

Accordingly, Kenyatta's motion is denied to the extent it seeks to add either the Non-Disclosure Provision or the Discovery Limitation to the Protective Order. The parties are directed to meet and confer to confirm their agreement as to the terms of the Protective Order attached to Brownlee's opposition and then submit

---

[1] Kenyatta also cites the Third Circuit's decision in *Beasley v. Howard*, 14 F.4th 226 (3d Cir. 2021). But that case held only that TTAB proceedings do not have *claim* preclusion effect, because trademark owners are unable to pursue infringement actions or seek remedies for infringement before the TTAB. *Id*. at 229; *see also id*. at 236 (reaffirming that "[t]o the extent a party before the TTAB litigates an issue that also arises in infringement proceedings before a federal district court, issue preclusion would bar relitigation") (citation omitted).

5

the proposed order (with any mutually agreed-upon revisions) to the Court for approval.

**SO ORDERED.**

DATED:   New York, New York
         November 8, 2024

_____
The Honorable Gary Stein
United States Magistrate Judge